**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

KYRON SHAKEEL SWASO,       :
                                        :

       Petitioner/Plaintiff,    :

                                          :    Case No. 4:25-cv-11-CDL-AGH
v.                                    :       28 U.S.C. § 2241

                                          :
DEPARTMENT OF HOMELAND  :    Case No. 4:25-cv-79-CDL-AGH
SECURITY,                    :       42 U.S.C. § 1983

                                          :

       Respondent/Defendant.  :

_____

## <u>ORDER</u>

Kyron Shakeel Swaso, a federal immigration detainee at Stewart Detention Center in Lumpkin, Georgia, filed two cases with the Court. The Court received the first case, 4:25-cv-11-CDL-AGH, on January 10, 2025 and docketed it as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The second case, 4:25-cv-79-CDL-AGH, was filed on March 4, 2025 and was docketed as a federal civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983.

Immigration detainees held in federally contracted facilities such as Stewart Detention Center most often file one of two different types of federal civil actions. The first is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. A petition under § 2241 is appropriate where the detainee challenges the fact or length of confinement, but, generally, not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). The second type of federal civil action is a claim for relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). To state a claim for relief under

*Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution. *Bivens*, 403 U.S. at 389. Generally, a detainee seeking release from confinement does so by filing a habeas petition under 28 U.S.C. § 2241 while a detainee seeking monetary damages, injunctive and/or declaratory relief does so by filing an action under *Bivens*.[1] Petitioner/Plaintiff's second case, 4:25-cv-79-CDL-AGH was docketed as a complaint pursuant to 42 U.S.C. 1983, which is similar to a *Bivens* claim except it provides a cause of action against a state actor who has violated a person's federally-protected rights. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). This type of case is most often filed by a prisoner being held in a state detention facility.[2]

The claims in both initial pleadings filed by Petitioner/Plaintiff appear quite similar; it is therefore unclear whether Petitioner/Plaintiff intended to file two separate actions. Petitioner/Plaintiff is therefore **ORDERED** to clarify whether he intended to file two cases, or whether he intended for the documents filed in Case Number 4:25-cv-79-CDL-AGH to be filed in his pending federal habeas corpus case, Case Number 4:25-cv-11-CDL-AGH.

---

[1] There are, of course, other causes of actions that Petitioner/Plaintiff may be asserting. However, the Court is not permitted to act as counsel for Petitioner/Plaintiff. The causes of actions discussed here are simply the most common. If Petitioner/Plaintiff wishes to assert a different type of claim, he should notify the Court and the Court will send him a form for his use.

[2] Petitioner can certainly maintain a § 1983 action from Stewart Detention Center, but he must explain what constitutional violation he claims was committed by a *state* actor. *See Hale*, 50 F.3d at 1582.

Either way, Petitioner/Plaintiff must also recast his Petition on the Court's standard § 2241 form in Case Number 4:25-cv-11-CDL-AGH.   A copy of this form will be provided to Petitioner/Plaintiff, and he should complete any questions on the form that relate to his immigration status.   If he is seeking release from custody, he should provide the following information:

(1) When he arrived in immigration custody;

(2) Whether an order of removal has been issued;

(3) Whether he appealed the order of removal or waived appeal.   If an appeal is pending, he should note that on the form;

(4) If he has a final order of removal, Petitioner should also explain why it is likely he will or will not be removed in the near future.

The recast petition will take the place of his initial petition in 4:25-cv-11-CDL-AGH (ECF No. 1).   The Court will not look back at the initial petition, or any other document filed by Petitioner/Plaintiff in any other case he has filed in this Court, to determine whether his Petition survives screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[3]   Petitioner/Plaintiff should therefore include in his recast petition each ground for relief he wants the Court to consider, even if he has raised this ground in another filing before the Court.   If Petitioner/Plaintiff intends to proceed <u>only</u> with Case Number 4:25-cv-11-CDL-AGH, then the Court will direct the Clerk to administratively close Case Number 4:25-cv-79-CDL-AGH, and no

---

[3] This rule requires the Court to "promptly examine" a federal habeas corpus petition and dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"   Rules Governing Section 2254 Cases, Rule 4.   The Rules Governing § 2254 Cases in the United States District Courts are applicable to petitions brought under 28 U.S.C. § 2241.   *See Annamalai v. Warden*, 760 F. App'x 843, 849-50 (11th Cir. 2019); Rules Governing Section 2254 Cases, Rule 1(b).

further action will be taken in that case.

If Petitioner/Plaintiff intends to proceed with <u>both</u> cases, he must still recast his § 2241 petition in Case Number 4:25-cv-11-CDL-AGH as explained above. In addition, he must also recast his § 1983 complaint in Case Number 4:25-cv-79-CDL-AGH on one of the Court's standard forms. The Court will provide Petitioner/Plaintiff with a copy of the standard § 1983 complaint form as well as a *Bivens* complaint form. Petitioner/Plaintiff should choose <u>one</u> of these forms to complete, depending on whether he is bringing his claims against a state actor (§ 1983) or a federal actor (*Bivens*). The recast complaint will supersede (take the place of) the original and recast complaints in Case Number 4:25-cv-79-CDL-AGH (ECF Nos. 1, 4). Petitioner/Plaintiff should therefore include in his recast complaint each ground for relief he wants the Court to consider, even if he has raised this ground in another filing before the Court. If Petitioner/Plaintiff intends to proceed with Case Number 4:25-cv-79-CDL-AGH, he will also be required to pay the Court's $405.00 filing fee in full or submit a non-prisoner's motion for leave to proceed *in forma pauperis* ("IFP") in that case. The Court will supply Petitioner/Plaintiff with a copy of the non-prisoner IFP form to complete if he wishes to proceed with Case Number 4:25-cv-79-CDL-AGH. Again, Petitioner/Plaintiff does not have to fill out any of the forms marked with Case Number 4:25-cv-79-CDL-AGH if he does not intend to proceed with that case.

4

Petitioner/Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) inform the Court whether he wishes to proceed with his pending § 2241 action, Case Number 4:25-cv-11-CDL-AGH, or whether he intends to proceed with both Case Number 4:25-cv-11-CDL-AGH and Case Number 4:25-cv-79-CDL-AGH, his pending § 1983 case; (2) recast his § 2241 petition in Case Number 4:25-cv-11-CDL-AGH on the Court's standard form; and (3) recast his § 1983 complaint in Case Number 4:25-cv-79-CDL-AGH and either pay the full filing fee or submit his non-prisoner IFP form if he intends to proceed with that case.   Petitioner/Plaintiff is also advised that the Court's standard forms are designed to help litigants provide the Court with the information it needs to process cases in an orderly and timely manner. **While the Court is working diligently to resolve Petitioner/Plaintiff's claims, his continued filing of repetitive documents outside of these forms may delay this process.**

The Clerk is **DIRECTED** to mail Petitioner/Plaintiff a copy of the docket sheets in both of his pending cases so that he may see which documents were filed in each case.   The Clerk is further **DIRECTED** to mail Petitioner/Plaintiff a copy of the Court's standard § 2241 form, marked with Case Number 4:25-cv-11-CDL-AGH, and copies of the Court's standard § 1983 and *Bivens* complaints, and a non-prisoner IFP form marked with Case Number 4:25-cv-79-CDL-AGH.

While these actions are pending, Petitioner/Plaintiff must immediately inform the Court in writing of any change in his mailing address.   There will be no service of process in these cases until further order of the Court.   **Failure to fully and**

5

timely comply with this Order may result in the dismissal of these actions.

**SO ORDERED**, this 10th day of March, 2025.

_s/ Amelia G. Helmick_
UNITED STATES MAGISTRATE JUDGE