IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KYRON SHAKEEL SWASO, | : |
| Plaintiff, | : |
| v. | : Case No. 4:25-cv-79-CDL-AGH |
| DEPARTMENT OF HOMELAND SECURITY, | : |
| Defendant. | : |

## ORDER AND RECOMMENDATION

In response to the Court's previous orders and instructions, *pro se* Plaintiff Kyron Shakeel Swaso filed a proper motion to proceed *in forma pauperis* ("IFP") (ECF No. 11). Because it appears Plaintiff cannot now pay the Court's filing fee, his motions to proceed IFP (ECF Nos. 2, 11) are **GRANTED.**

Also presumably in response, Plaintiff filed four amended or recast complaints that appear to raise generally the same claims (ECF Nos. 7, 8, 12, 14). The most recently filed pleading, Plaintiff's second amended complaint ("SAC") (ECF No. 14), will serve as the operative complaint in this case. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (holding that generally, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary" (alteration in original) (citation omitted)). In addition, Plaintiff filed a motion for class certification (ECF No. 9) and a motion for appointed counsel or an extension of time to hire an attorney (ECF No. 13). For the reasons

discussed below, Plaintiff's motion for appointed counsel is **DENIED,** and it is **RECOMMENDED** that the claims in the SAC be **DISMISSED without prejudice** and that Plaintiff's motion for class certification be **DENIED as moot.**

## MOTION FOR APPOINTED COUNSEL

Plaintiff filed a motion requesting appointed counsel or an extension of time to retain counsel (ECF No. 13). "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions

sufficiently setting out his contentions to allow review by this Court. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Plaintiff has also had nearly seven months to hire an attorney to assist him, and he does not explain why a further extension of time to retain counsel is necessary. As such, Plaintiff's motion (ECF No. 13) is **DENIED**.[1]

## PRELIMINARY SCREENING OF PLAINTIFF'S CLAIMS

### I. Standard of Review

Because Plaintiff is proceeding IFP in this case, the Court is required to conduct a preliminary screening of his claims. 28 U.S.C. § 1915(e). "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a complaint filed *pro se* if it is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## II. Factual Allegations

Plaintiff's claims arise from his present detention by Immigration and Customs Enforcement ("ICE"). Compl 4, ECF No. 14. Plaintiff describes himself as "a thirty-four year old [sic] citizen of Belize Central America" and is a "Businessman-Logistic Broker" who has been living in the United States since February 26, 2019. *Id.* at 10. According to the Complaint, Plaintiff was arrested on August 28, 2024, in Butts County, Georgia, for driving without a license and possession of less than one ounce

4

of marijuana. *Id.* at 5. Plaintiff was convicted of driving without a license, and the Butts County Probate Court nolle prossed the marijuana charge. *Id.* Plaintiff contends a judge told him "there was no warrant from no agency" outstanding for his arrest at that time, and Plaintiff's family member paid a $1,500.00 bond. *Id.*

Despite there being "no administrative warrant from Department Homeland Security" authorizing his detention, Plaintiff was held at the Butts County Jail for approximately ten days "against his will." *Id.* at 6-7. On September 10, 2024, he was transported to the Atlanta Enforcement and Removal Operations Office. *Id.* at 7. The next day, he was transported to Stewart Detention Center, where he alleges Defendant Green, an ICE officer, "collected unspecified data . . . without consent or warrant." *Id.*[2] He also alleges that "the Department of Homeland Security improperly disseminated unspecified records" and that Defendant Harness, the immigration judge, "used false documentation in proceedings for decision in Stewart Immigration Court." *Id.* It appears Plaintiff was transferred to the Adelanto ICE Processing Center sometime in June. *See, e.g.,* Motion Appt. Counsel Envelope Return Address, ECF No. 13-1; Compl. Envelope Return Address, ECF No. 14-1.

In addition to Defendants Officer Green and Harness, Plaintiff sues the Department of Homeland Security; Stewart Detention Center; Serena L. Podish and Pavielle A. Bookman, both of whom are identified as "Assistance Chief Counsel U.S

---

[2] Plaintiff spells Officer Green's name "Green" and "Greene," but the Court is assuming this is the same individual. As noted below, there is also another Defendant named Emory Greene that appears to be a separate individual. Compl. 1, ECF No. 14.

5

Department of Homeland Security Office of the Principal Legal Advisor;" Emory Greene, identified as "Deputy Chief Counsel U.S Department of Homeland Security Office of the Principal Legal Advisor;" and James R. Kelley, the "Removal Operation Officer" at the Folkston ICE Processing Center. Compl. 1, ECF No. 14. Plaintiff contends these Defendants committed unspecified "statutory violations," violated his due process rights, and violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. *Id.* at 4. Plaintiff indicates that he wishes to proceed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), although he does not explain what relief he seeks. *Id.* at 14. Generally, however, a *Bivens* claim is the judicially-created counterpart to an action filed pursuant to 42 U.S.C. § 1983 and provides a cause of action for monetary damages against a federal actor for the violation of federally-protected rights. *See Bivens*, 403 U.S. at 395-96.

### III.   Plaintiff's Claims

#### A.   Claims Resolved in Habeas

As an initial matter, many of the allegations in the SAC are similar to those raised in a separate federal habeas corpus proceeding initiated by Plaintiff pursuant to 28 U.S.C. § 2241, *Swaso v. Department of Homeland Security*, Case No. 4:25-cv-11-CDL-AGH (M.D. Ga. Jan. 10, 2025) ("*Swaso I*"). *Compare, e.g.,* Compl. 10-12, ECF No. 14 *with* Pet.'s Br. 1-3, ECF No. 19 in *Swaso I*. Federal habeas corpus and *Bivens* are mutually exclusive remedies; thus, claims raised in a *Bivens* action cannot also be raised in a federal habeas corpus case. *See Kerlin v. Barnard*, 742 F. App'x 488,

489 (11th Cir. 2018) (noting that habeas and § 1983 claims are "mutually exclusive" and cannot be raised in the same action (first citing *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006); and then citing *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013))); *Roney v. United States*, 1:20-cv-381-MOC, (1:16-cr-39-MOC-WCM-2), 2021 WL 2518217, at *3 n.4 (W.D.N.C. June 18, 2021) (noting that *Bivens* claims, as the federal equivalent of a § 1983 claim, must be raised separately from habeas claims); *Corbin v. Dep't of Veteran Affs.*, Case No. 2:15-cv-01174-MHH-SGC, 2015 WL 10384134, at *2 (N.D. Ala. Dec. 11, 2015) (advising § 2241 petitioner that he must file *Bivens* action if he sought "monetary damages for alleged violations of his [constitutional] rights that occurred during [his] detention"). In other words, a district court should dismiss any *Bivens* claims that are more appropriately raised in a federal habeas corpus petition.

Plaintiff's § 2241 petition in *Swaso I* sought release from custody and contended his detention was unlawful for three main reasons: (1) there was no probable cause to stop, search, or seize him; (2) his notice to appear ("NTA") filed in the immigration court was deficient; and (3) he should not be subject to mandatory detention because he did not commit an aggravated felony. R. & R. 4, Aug. 21, 2025, ECF No. 25 in *Swaso I*. On August 21, 2025, the undersigned recommended denying Plaintiff's habeas petition after finding that the Court lacked jurisdiction to entertain most of Plaintiff's claims, including his specific contentions that (1) his immigration arrest was unlawful; (2) his NTA was inaccurate; (3) he has a valid visa; (4) the immigration judge's decision on bond was incorrect; (5) his Sixth Amendment right

7

to a speedy trial was violated; and (6) he was subjected to a double jeopardy violation. *Id.* at 6-8. The undersigned also found that Plaintiff's claims that he was improperly mandatorily detained, that he was detained for longer than six months in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that his detention otherwise violated his due process rights should be dismissed or denied. *Id.* at 8-12. On September 26, 2025, the district judge adopted this recommendation (ECF No. 28), and judgment was entered on September 29, 2025 (ECF No. 29). Because the Court has already determined that each of these claims sound in habeas and issued an order resolving them, it cannot revisit those claims in this action. *See Kerlin*, 742 F. App'x at 489.[3] These claims should therefore be dismissed.

    B.    <u>Claims Concerning Collection of DNA</u>

As best as the Court can tell, the only claims in Plaintiff's Complaint that were not already resolved in Plaintiff's habeas corpus petition are his claims for "[u]nauthorized use of DNA without consent" and "[u]nauthorized dissemination of record[s]." Compl. 2, ECF No. 14. Even assuming, without deciding, that Plaintiff can bring a *Bivens* claim related to these allegations, he fails to state a claim upon which relief may be granted.

First, "[t]o state a claim for relief under *Bivens*, 'a plaintiff must plead that each Government-official defendant, <u>through the individual's own actions</u>, has

---

[3] These claims would also appear to fall within Eleventh Circuit's prohibition against a plaintiff "recover[ing] damages under *Bivens* for constitutional violations that caused him to endure a prolonged immigration detention." *Alvarez v. U.S. Imm. & Customs Enf't*, 818 F.3d 1194, 1208 (11th Cir. 2016).

8

violated the Constitution.'" *Stevens v. Osuna*, 877 F.3d 1293, 1309 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 676). In this case, although Plaintiff names Defendants Podish, Bookman, Emory Greene, and Kelley as Defendants in this lawsuit, he does not mention them at all in the body of his complaint. Dismissal is appropriate where the complaint fails to allege facts associating each named defendant with a particular violation. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008). Because Plaintiff fails to plead specific facts connecting Defendants Podish, Bookman, Emory Greene, and Kelley to any alleged wrong, his claims against them should be dismissed. *See id.*; *see also Stevens*, 877 F.3d at 1310 (affirming dismissal of claims against individuals who were only identified as "assistant directors" in Executive Office of Immigration Review because their mere status as supervisors was "not wrongful," and "unsupported conclusory assertions that Defendants generally . . . 'caused, participated in, condoned, or covered up' various alleged wrongs also fail to satisfy the federal pleading standard").

Next, to the extent Plaintiff is bringing this claim against Defendants in their official capacities, "*Bivens* claims can be brought against federal officers in their individual capacities only; they do not apply to federal officers acting in their official capacities." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 297 (11th Cir. 2009). In addition, *Bivens* claims may not be brought against federal agencies. *Id.* (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). And, a "Detention Center itself is only a facility or building, which cannot be sued as a 'Defendant' in a *Bivens* lawsuit."

*Williams v. Dorchester Cnty. Det. Ctr.*, 987 F. Supp. 2d 690, n.2 (D.S.C. 2013).[4] Plaintiff's claims against the Department of Homeland Security, the Stewart Detention Center itself, and any individual Defendants sued in their official capacities are therefore subject to dismissal.

Plaintiff's remaining claims regarding the collection and dissemination of "unspecified" records are not entirely clear. Plaintiff avers that Defendant "Officer Green collected unspecified data . . . without consent or warrant," and "the Department of Homeland Security improperly disseminated unspecified records." Compl. 7, ECF No. 14. Because Plaintiff is also raising claims for "[u]nauthorized use of DNA without consent" and "[u]nauthorized dissemination of records," it appears Plaintiff may be trying to raise a claim against Defendant Officer Green based on the collection of his DNA and the dissemination of the results from the DNA testing. *Id.* at 2, 7. But federal law permits the Attorney General or their designee to "collect DNA samples from individuals who are arrested, facing charges, or convicted or from non-United States persons who are detained under the authority of the United States." 34 U.S.C. § 40702(a)(1)(A); *see also* 28 C.F.R. § 28.12(b). The Attorney General (or designee) is also required to "furnish each DNA sample collected under subsection (a) to the Director of the Federal Bureau of Investigation, who shall carry out a DNA analysis on each such DNA sample and include the results in

---

[4] The undersigned recognizes that in certain circumstances, a detention center "might well be a corporation or quasi-organization that is subject to suit under Georgia law." *Oldaker v. Giles*, 727 F. Supp. 3d 1330, 1356-57 (M.D. Ga. Mar. 22, 2024). In this case, however, Plaintiff has not pleaded facts that could "sufficiently identif[y Stewart Detention Center] as a private entity which might have the capacity to be sued." *Id.* Moreover, even if Plaintiff could sue Stewart Detention Center itself, he has failed to state an actionable claim as described below.

10

CODIS," the Combined DNA Index System. 34 U.S.C. § 40702(b); *see also* 28 C.F.R. § 28.12(f). Plaintiff does not challenge the constitutionality of this law, and the fact that Defendant Officer Green may have collected or distributed Plaintiff's DNA information in accordance with that law does not rise to the level of a constitutional violation. *Cf., e.g., Simmons v. Cimock*, 576 F. App'x 967, 967 (11th Cir. 2014) (affirming dismissal of *Bivens* claim alleging defendants illegally took plaintiff's DNA sample when "defendants were acting within the scope of their authority in obtaining a DNA sample") (citing 42 U.S.C. § 14135a; 28 C.F.R. § 28.12)).[5] This claim should be dismissed.

Plaintiff may also be alleging that his criminal history was unlawfully disclosed, perhaps to Defendant Harness. *See, e.g.,* Copml. 7, ECF No. 14 (alleging that "the Department of Homeland Security improperly disseminated unspecified records and that Jerrica Harness used false documentation in proceedings for decision in Stewart Immigration Court"); *see also id.* at 12 (mentioning criminal history reports). Although Plaintiff suggests that "[a]ny [u]nauthorized dissemination" of criminal history information could violate an unspecified Georgia law (*Id.* at 12) it is unclear whether this actually happened to Plaintiff, which federal official may have disclosed this information, or why Plaintiff believes this disclosure would violate his federally-protected rights. Indeed, federal law permits an immigration judge to consider a non-citizen's "criminal record, including the

---

[5] 34 U.S.C. § 40702 was formerly cited as 42 U.S.C. § 14135a.

11

extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses" in determining whether the non-citizen may be released on bond. *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).[6]  Plaintiff's vague allegations concerning the potential dissemination of his criminal history records therefore fail to state an actionable *Bivens* claim.   These claims must also be dismissed.

## CONCLUSION

For the reasons explained above, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 11) are **GRANTED**, and his motion for appointed counsel (ECF No. 13) is **DENIED.**   It is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** and that his pending motion for class certification (ECF No. 9) be **DENIED as moot**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on

---

[6] Further, any claims against Defendant Harness related to her role in presiding over Plaintiff's immigration proceedings are subject to dismissal as already explained, *infra*, section II.A.   Likewise, any claims against the Department of Homeland Security must be dismissed given that *Bivens* does not provide a cause of action against a federal agency.   *Nalls*, 307 F. App'x at 297.

factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO RECOMMENDED** this 21st day of October, 2025.

*s/ Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE